# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5129 | **DATE** | 1/23/2002 |
| **CASE TITLE** | Vasquez vs. Visions, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** The Court grants defendant's motion (Doc 3-1) to dismiss.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JAN 2 4 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 13 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | 02 JAN 23 PM 5:13 / date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LILLIE VASQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 01 C 5129 |
| | ) | |
| VISIONS, INC., an Illinois not-for-profit corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the court is defendant Visions, Inc.'s, an Illinois not-for-profit organization, ("Visions") Rule 12(b)(1) and Rule 12(b)(6) motion to dismiss plaintiff Lillie Vasquez's ("Vasquez") complaint. For the reasons set forth below, the court grants Visions' motion.

### BACKGROUND

The following facts are taken from Vasquez's complaint. On June 15, 2000, Vasquez began her employment as Director of Nursing for an organization named Our Special Place, Inc. ("Our Special Place"). At the end of June 2000, Our Special Place was acquired by Blare, Inc. ("Blare"), a community based mental health organization. Following this acquisition, Blare established a new organizational structure and

changed its name to Visions. Visions' organizational structure consists of: Blare House, a program for persons with autism; REACH, a program for persons with developmental disabilities and mental illnesses; and HIRE, an employment and skills development program for people with such disabilities.

Vasquez alleges that after the acquisition she was subjected to racial harassment and, ultimately, fired because of her race and because she objected to alleged unlawful conduct by Visions. She filed her three count complaint in this court on July 3, 2001. She brings a claim of racial harassment and a claim of retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et. seq.* ("Title VII"). She also brings an Illinois state law claim of retaliatory discharge.

Visions moved to dismiss Vasquez's complaint in its entirety. Visions argues that this court lacks subject matter jurisdiction because Visions is not an employer under Title VII. Alternatively, Visions argues that all three counts in Vasquez's complaint fail to state a claim. When Vasquez filed her initial response to Visions' motion, she moved the court for leave to conduct discovery on the issue of whether Visions is engaged in an industry affecting commerce. Visions objected to Vasquez's request because the twelve interrogatories Vasquez propounded upon the not-for-profit organization were overbroad, unduly burdensome, and beyond the scope of the limited inquiry into this court's jurisdiction. Indeed, Vasquez's requests were overbroad and irrelevant both in terms of time and content. She requested a wide variety of documents touching on almost every aspect of Visions' structure, financial status, and daily operations.

Moreover, her requests spanned a time period beginning in 1998 and continuing to the present. Recognizing that Vasquez is entitled to and requires some discovery to meet her burden of establishing jurisdiction, this court granted her motion. However, also cognizant of the undue burden overbroad and irrelevant discovery requests would impose upon Visions, the court directed that Vasquez's discovery be narrowly tailored to the specific issue of whether Visions was engaged in an industry affecting interstate commerce.

Subsequent to the court's order, Vasquez resubmitted her interrogatories to Visions. Her attempt to limit her requests consisted merely of deleting two of the interrogatories and limiting the relevant time period to the three hundred day period stated in Title VII. Although Visions objected to the breadth and relevancy of Vasquez's requests, Visions nonetheless complied with her requests to the extent that it had documents responsive to those requests. Dissatisfied, Vasquez filed a motion to compel. Agreeing with Visions that Vasquez's requests were not narrowly tailored to the specific issue at hand as directed in this court's prior ruling, this court denied the motion to compel. The motion is now fully briefed.

## LEGAL STANDARD

Jurisdiction is the "power to decide" and must be conferred upon a federal court. In re Chicago, Rock Island & Pacific R.R. Co., 794 F.2d 1182, 1188 (7th Cir. 1986). Pursuant to Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. When jurisdictional

allegations are questioned, the plaintiff has the burden of proving that the jurisdictional requirements have been met. Kontos v. United States Dept. of Labor, 826 F.2d 573, 576 (7th Cir. 1987). In reviewing a 12(b)(1) motion to dismiss, the court may look beyond the complaint and view any extraneous evidence submitted by the parties to determine whether subject matter exists. United Transp. Union v. Gateway Western R.R. Co., 78 F.3d 1208, 1210 (7th Cir. 1996). With these legal principles in mind, the court turns to the instant motion.

## DISCUSSION

Visions argues that Vasquez's complaint fails to allege a basis for subject matter jurisdiction and should be dismissed pursuant to Rule 12(b)(1) because Visions is not an employer as that term is defined in Title VII. Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees []." 42 U.S.C. § 2000e(b). "Industry affecting commerce," in turn, "means any activity, business, or industry in commerce or in which a labor dispute would hinder or obstruct commerce []." 42 U.S.C. § 2000e(h). Visions argues that it does not meet Title VII's definition of employer because it is not engaged in an industry affecting commerce.

As a preliminary matter, the court notes that, although the term "industry affecting commerce" may suggest a limitation to commercial entities, it is well-settled that Congress intended Title VII to cover all activities affecting commerce, regardless of whether they are operated for non-profit or charitable purposes. See e.g., EEOC v

- 4 -

Ass'n of Cmty. Org. for Reform Now, 1995 U.S. Dist. LEXIS 2948, at *6 (E.D. La. Mar. 8, 1995). Title VII's jurisdiction reaches as far as constitutionally permissible under the Commerce Clause, the constitutional provision through which Congress had the power to enact Title VII. Reform Now, 1995 U.S. Dist. LEXIS at *7. Because Visions operates wholly within Illinois, the relevant inquiry for determining whether it is within the grasp of the Commerce Clause, and in turn Title VII, is whether Visions' activities have a substantial impact on interstate commerce. Graves v. Methodist Youth Serv., Inc., 624 F. Supp. 429, 431 (N.D. Ill. 1985). Put another way, Title VII confers jurisdiction upon a court where the defendant has "more than a *de minimis* impact on the flow of interstate commerce." Reform Now, 1995 U.S. Dist. LEXIS at *8; Graves, 624 F. Supp. at 432. The question in this case now becomes whether Vasquez has met her burden of showing that Visions' activities have a substantial impact upon interstate commerce. See Graves, 624 F. Supp. at 431 (stating plaintiff bears burden of showing requisite nexus with interstate commerce).

Although very few cases have addressed the issue of whether a wholly intrastate not-for-profit organization has more than a *de minimis* impact on interstate commerce such that it becomes an "employer" under Title VII, see EEOC v. California Teachers Ass'n, 534 F. Supp. 209, 217 (N.D. Cal. 1982), this issue is not one of first impression in this District. See Johnson v. Apna Ghar, Inc., 2001 WL 293134, at *1, No. 00 C 7752, (N.D. Ill. Mar. 23, 2001); Graves, 624 F. Supp. at 429. In Graves and, more recently, in Johnson, two judges in this district concluded that the activities of two not-

for-profit organizations that operated wholly intrastate did not have a substantial affect on interstate commerce and, therefore, were not subject to Title VII. See Johnson, 2001 WL 293134, at *1; Graves, 624 F. Supp. at 429.

The social services organization in Graves was operated by the Methodist Church. The organization's board of trustees was made up of local ministers, it served only residents of the state of Illinois, and it owned no real estate outside of the state. The plaintiff in Graves tried to shoulder his burden of showing that the social services organization had a substantial affect on interstate commerce by pointing to the organization's long-distance phone bills of $175.00 and to its purchases of goods, such as office supplies, that did not originate in Illinois. Yet the court was not persuaded by the evidence presented by the plaintiff. The court concluded that the evidence reflected that the intrastate social services organization had, at most, only a *de minimis* level of activity. Graves, 624 F. Supp. at 432. Accordingly, the court dismissed the plaintiff's Title VII claims for lack of jurisdiction.

In Johnson, the court similarly dismissed the plaintiff's case because the plaintiff did not show that the defendant was an "industry affecting commerce." Johnson, 2001 WL 293134, at *1. The defendant there was a domestic violence shelter serving primarily Asian women and children. Noting that the shelter was formed as an Illinois not-for-profit corporation and located in Chicago, the court found that the shelter "is very much an intrastate operation" and that it would "impermissibly stretch the Commerce Clause to read that provision...as stretching to such...activity." See id. The

court was not persuaded to conclude otherwise by the evidence the plaintiff presented to show that the shelter had an effect on interstate commerce. That evidence included: that the shelter had an internet website that listed an out-of-state hotline phone number and listed other organizations that provide related services elsewhere; that out-of-state universities have worked with the shelter; and that companies that are themselves in interstate commerce make donations to the shelter.

As in Graves and Johnson, the evidence in this case does not support a conclusion that the activities Visions is engaged in have a substantial impact on interstate commerce. Rather, the evidence supports a finding that Visions is a wholly intrastate operation with no more than a *de minimis* impact on interstate commerce. Visions is a charitable organization that was founded to provide persons with autism care and support in a least restrictive environment. Affidavit of Patricia Coy, ¶¶ 3, 4, 5. Visions receives funding from the state of Illinois and is licensed by the state. Visions' headquarters are located in Des Plaines, Illinois. See id. at ¶ 2. Indeed, all of its facilities are located within Illinois. See id. Visions provides assistance to residents with autism and other disabilities regardless of race, creed or economic class. See id. at ¶ 6. The organization assists Illinois residents free of charge and does not provide services outside of the state. See id. at 13. Visions owns no real property outside of this state. Additionally, none of Visions' directors, officers, or employees have traveled outside of the state to effect Visions' goals. Moreover, the members of the

organization's Board of Directors all reside in Illinois and receive no compensation for their services.

Though Visions has purchased some items necessary to its operations from other states, the court finds that, as in Graves, the amount of money expended on such purchases – $7,256.59[1] – does not have a substantial impact on commerce.[2] Some of the out-of-state purchases Visions made in the relevant 300-day period were membership fees to other organizations that assist individuals with autism. Vasquez has not explained how such membership fees to such charitable organizations have an effect on commerce. Furthermore, the amount of money Visions' spends on long distance phone calls is insignificant. See Graves, 624 F. Supp. at 431. Vasquez complains that Visions did not provide him with the purchase receipts and long-distance phone bills for *all* of its organizations. Yet she does not explain why the records of the organizations she was provided with would not be representative of the organization's

---

[1] The parties dispute the total amount of the not-for-profit organization's out-of-state purchases. The defendant maintains that the number is no greater than $5,000, while Vasquez contends the purchases amount to just over $7,000. Both numbers, however, present no more than minimal activity in interstate commerce.

[2] For guidance on this issue, the court looked to the National Labor Relations Board's ("NLRB") standards for determining whether a particular entity has a substantial effect on commerce and, thus, falls within its jurisdiction. The NLRB has jurisdiction over a retail business the business has a gross annual business volume of $500,000 and makes substantial purchases from or sales to other states. The NLRB will generally assert jurisdiction over a non-retail entity if the gross outflow or inflow of revenues across state lines is at least $50,000. See e.g., YMCA of the Pikes Peak Region, Inc. v. Nat'l Labor Relations Bd., 914 F.2d 1442, 1448 (10th Cir. 1990).

activities as a whole. Nor does she explain why having the records of all of Visions' organizations is necessary to the instant inquiry. As such, Vasquez had not persuaded the court that the evidence produced is insufficient for the purpose of determining jurisdiction.

Furthermore, although Vasquez also makes much of the fact that Visions receives donations from entities that have a significant presence in interstate commerce, she does not explain how such charitable donations make Visions have more than a *de minimis* impact on commerce. See Johnson, 2001 WL 293134, at *1. In any event, the evidence shows that Visions did not receive any such contributions from out of state individuals or organizations within the designated 300 day period. Based on all of this evidence, the court finds that Visions is a wholly intrastate not-for-profit organization that does not have a substantial effect on interstate commerce. Vasquez has not shown that a labor dispute within Visions would hinder or obstruct commerce. 42 U.S.C. § 2000e(h).

The court next addresses two other arguments Vasquez presented in support of her position. First, Vasquez argues that Visions falls within Title VII's definition of employer because the fact that the state of Illinois licenses Visions and provides it with funding means Visions is engaged in a "governmental industry, business or activity" and, in turn, is a government employer subject to Title VII. 42 U.S.C. § 2000e(h). Visions, a private organization, is not made an arm of the state merely because Illinois licenses and funds it. Vasquez cites no case law that supports such a proposition. In addition, the particular language of section (h) that Vasquez relies on was added to

section (h) by Congress in 1972 pursuant to its power to regulate governments under section 5 of the Fourteenth Amendment and not pursuant to its powers under the Commerce Clause. Accordingly, that language may be used to bring government entities within Title VII's reach, but it "cannot be used as a means of bootstrapping within the reach of Title VII private entities. Congress can only regulate private parties through the commerce clause under Title VII." EEOC v. California Teachers Ass'n, 534 F. Supp. 209, 217 (N.D. Cal. 1982). Visions is a private entity and Vasquez can only bring it within Title VII's reach by showing that the organization has more than a *de minimis* affect on interstate commerce.

Second, Vasquez argues that Visions consented to subject matter jurisdiction because compliance with Title VII is a condition to its receiving state funding. It is well-settled, however, that no action of a party can confer subject matter jurisdiction upon a federal court; parties can neither consent to nor waive subject matter jurisdiction. See e.g., Ins. Corp. of Ireland. Ltd. v. Compagnie des Bauzites de Guinee, 456 U.S. 694, 700 (1982).

After considering the evidence and the parties' papers, this court concludes that Vasquez has not met her burden of showing that this court has subject matter jurisdiction pursuant to Title VII. Therefore, her case is dismissed for lack of jurisdiction. Having dismissed the case on this basis, the court does not address the substance of her claims.

## CONCLUSION

For the foregoing reasons, the court grants Defendant's motion to dismiss.

_Charles P. Kocoras_
Charles P. Kocoras
United States District Judge

Dated: **JAN 2 3 2002**